UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY DARNELL JACKSON, JR.

    Petitioner,

v.

DONNIE MORGAN, Warden,
Ross Correctional Institution,

    Respondent.
_____/

Case No. 1:19-cv-00603

Hon. George Caram Steeh[1]

## OPINION AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Terry Darnell Jackson, Jr., seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As discussed below, the court must dismiss Jackson's petition because his claims are procedurally defaulted.

## BACKGROUND FACTS

Jackson, who is a state prisoner at the Ross Correctional Institution in Chillicothe, Ohio, was convicted of aggravated burglary, aggravated robbery, robbery, kidnapping, felonious assault, and carrying concealed weapons. The Court of Appeals of Ohio, First Appellate District for Hamilton County, made the following factual findings on direct appeal,

---

[1] Senior District Judge, Eastern District of Michigan, sitting by designation pursuant to 28 U.S.C. § 292(b). ECF No. 9.

which are presumed to be correct and are not disputed by Jackson.  *See* 28 U.S.C. § 2254(e)(1).

In the case numbered B-1056803-A, Jackson pleaded guilty to two counts of aggravated burglary, two counts of aggravated robbery, two counts of kidnapping, one count of felonious assault – each with one specification – and one count of carrying a concealed weapon.  The events underlying these charges are similar to each of the preceding crimes.  Jackson and his accomplices followed a luxury vehicle from Kenwood to the Dlott/Chesley residence.  They returned a few hours later, entering the home with firearms and a stun gun, and proceeded to burglarize the residence, returning to their car multiple times to drop their loot.

Eventually, Jackson and his accomplices confronted Dlott and Chesley, who had been asleep in their bedroom, and demanded money, jewelry, and watches from them.  Dlott was forced to her nearby home-office to retrieve money from her purse before being returned to the bedroom.  Jackson held a gun on Chesley while robbing him of a significant amount of cash and other items, and continued to hold a gun on him for the next 30 to 40 minutes.

Jackson next demanded to know where the safes were.  Dlott and Chesley denied the existence of any safes.  Jackson repeatedly attempted to stun Chesley while questioning him.  The stun gun was inoperative.  Dlott and Chesley remained insistent that there were no safes.  Focus then shifted to Jackson's demand for the keys to the automobile Chesley drove earlier in the evening.

Jackson and his accomplices took Dlott and Chesley to the kitchen where keys for two vehicles in the attached garage were taken.  The entire group then moved to the garage, where the assailant's attention was drawn to a red Ferrari.  Dlott opened all four garage doors so the assailants could take the cars.  Jackson pushed Chesley down the five steps into the garage.  Chesley suffered a concussion, several broken bones, and other injuries.

> Dlott and Chesley escaped through an open garage door as Jackson and his accomplices retreated into the house.
> At sentencing, Jackson argued that a number of his charges should merge as allied offenses of similar import. The trial court merged none of the counts, and imposed a sentence on each. It ordered the sentences for the crimes against Chesley to be served consecutively to each other, and the sentences for crimes against Dlott and the three earlier home invasions to be served concurrently to the crimes against Chesley. The total sentence was 34 years of incarceration.

ECF No. 6 at PageID 121-22.

## PROCEDURAL HISTORY

On December 11, 2015, Jackson was charged with the following fifteen offenses: three counts of aggravated burglary (Counts 1-3), three counts of aggravated robbery (Counts 4-6), one count of robbery (Count 7), four counts of kidnapping (Counts 8-11), two counts of felonious assault (Counts 12-13), one count of carrying a concealed weapon (Count 16), and one count of receiving stolen property (Count 17). Counts 1 through 13 each carried 1-year and 3-year firearms specifications.

Jackson pleaded guilty to reduced charges: two counts of aggravated burglary (Counts 1, 2); two counts of aggravated robbery (Counts 4, 6), two counts of kidnapping (Counts 8, 10), felonious assault (Count 12), carrying a concealed weapon (Count 16), and a 3-year firearm specification on each of these counts. The trial court sentenced him to a total of 34 years in

prison; the total sentence is comprised of consecutive 7-year sentences for one count of aggravated burglary, one count of aggravated robbery, one count of kidnapping, and one count of felonious assault, consecutive to two 3-year specifications on the aggravated burglary and kidnapping charges. *See* ECF No. 6 at PageID 69.  (The sentences on the remaining counts, which total 22 years, were ordered to be served concurrently.)

On April 29, 2016, Jackson filed a timely notice of appeal to the First District Court of Appeals, Hamilton County, Ohio.  He raised the following assignments of error in his brief:

1. The trial court erred when it convicted the defendant of kidnapping and aggravated robbery, and of multiple counts of aggravated burglary, which were of similar import.
2. The trial court erred when it sentenced defendant to consecutive terms of incarceration for offenses which should have run concurrently.
3. The trial court erred in sentencing Mr. Jackson to thirty-four years in prison for the offenses of which he pleaded guilty.

ECF No. 6 at PageID 77-78.  On October 13, 2017, the appeals court overruled the assignments of error and affirmed Jackson's conviction and sentence.

Jackson filed a timely notice of appeal with the Ohio Supreme Court on November 27, 2017, raising the following issue:

1. The state and federal constitutional right to due process and against double jeopardy is violated when courts apply vague,

arbitrary standards to merger of kidnapping convictions with other convictions of allied offenses.

ECF No. 6 at PageID 130. On April 25, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). *Id.* at PageID 136.

In the meantime, Jackson filed an application to reopen his appeal in the state court of appeals, alleging ineffective assistance of appellate counsel for failing to raise the following claim:

1. Appellant suffered a deprivation of his Constitutional right to effective assistance of counsel under the Sixth Amendment, his right to due process under the Fifth and Fourteenth Amendments, and the Eighth Amendment right to be free of cruel and unusual punishment, as trial counsel failed to file a motion to change venue in a case of extensive pretrial publicity and where two of the victims were highly-respected members of the Hamilton County legal community.

ECF No. 6 at PageID 139. The court of appeals denied Jackson's application to reopen his appeal on October 2, 2018, and Jackson did not seek further review of that decision. *See* ECF No. 6 at PageID 152.

Jackson timely filed his petition for habeas corpus on July 29, 2019, alleging the following grounds:[2]

---

[2] Believing that the one-year statute of limitations expired on July 25, 2019, Jackson sought leave to file his petition out of time. ECF No. 2. However, as Respondent concedes, the statute of limitations was tolled by Jackson's pending application to reopen his appeal, which was denied on October 2, 2018. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000). The limitations period began on October 3, 2018, and Jackson's petition was timely filed within one year of that date.

1. The decisions of the Ohio judiciary denying the Petitioner relief upon his claim of violation of his right to be free from double jeopardy as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were in error, as vague and arbitrary standards apply to the merger of kidnaping with other convictions of allied import.

2. The Petitioner is entitled to an evidentiary hearing on these matters.

ECF No. 1 at PageID 8.

## LAW AND ANALYSIS

I. Standard of Review

Respondent argues that Jackson's petition must be dismissed because his only substantive claim has been procedurally defaulted. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of habeas corpus shall not issue unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"It is well settled that 'federal courts do not have jurisdiction to consider a claim in a *habeas* petition that was not "fairly presented" to the state courts.'" *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001) (citation

omitted). A claim is considered fairly presented "if the petitioner asserted both the factual and legal basis for his claim to the state courts." *Id.* Fair presentation of an issue requires that the petitioner "give state courts a full opportunity to resolve any constitutional issues by invoking 'one complete round' of the state's appellate review system" and that the petitioner present "the same claim under the same theory" to the state courts. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003). To fairly present a claim in state court, a petitioner may: (1) rely upon federal cases employing constitutional analysis; (2) rely upon state cases employing a federal constitutional analysis; (3) phrase his claim in terms of constitutional law or in terms sufficiently specific to allege the denial of a constitutional right; or (4) allege facts "well within the mainstream of constitutional law." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

A petitioner may avoid the consequences of a procedural default only "by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).

II. Application

Petitioner contends that his sentence violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, which prohibits multiple punishments for the same offense. See U.S. Const. amend. V; *Jackson v. Smith*, 745 F.3d 206, 210-11 (6th Cir. 2014). Petitioner alleges that his right to be free from double jeopardy was violated when the trial court sentenced him for both aggravated robbery and aggravated kidnapping. Petitioner argues that these offenses are of "similar import" and should have been merged under Ohio's allied offense statute. In considering whether the offenses should have merged, the Ohio Court of Appeals held that the facts "were sufficient to establish the kidnapping offense as being committed separately from the aggravated-robbery offenses, and the trial court was correct in sentencing Jackson on both aggravated-robbery offenses and the kidnapping offenses." ECF No. 6 at PageID 123.

Petitioner did not, however, raise the legal theory of double jeopardy before the Ohio Court of Appeals. ECF No. 6 at PageID 75-93. In his appellate brief, Petitioner neither relied upon federal or state cases employing a constitutional analysis nor phrased his claim in terms of constitutional law. Indeed, the Ohio Court of Appeals did not address any

constitutional arguments in its opinion, but focused on whether the offenses were properly merged under state law. ECF No. 6 at PageID 120-25. Petitioner did not fairly present his double jeopardy argument to the Ohio Court of Appeals. See *McMeans*, 228 F.3d at 682.

Petitioner attempted to raise his double jeopardy claim for the first time in his notice of appeal to the Ohio Supreme Court. ECF No. 6 at PageID 130. Under Ohio law, however, its is "an established rule of long standing" that a "constitutional question . . . can not be raised in the Supreme Court unless it was presented and urged in the courts below." *State v. Phillips*, 27 Ohio St.2d 294, 302 (1971). Because Petitioner failed to properly raise his double jeopardy claim in state court, it is barred by Ohio's doctrine of *res judicata*, a procedural bar that is regularly applied by Ohio courts. *Jacobs*, 265 F.3d at 417; *Seymour*, 224 F.3d at 555.

Accordingly, Petitioner's double jeopardy claim is procedurally defaulted. See, e.g., *Jacobs*, 265 F.3d at 416-18 (failure to raise claim on appeal that appears on the face of the record constitutes a procedural default under Ohio law); *Seymour*, 224 F.3d at 555 (claims not raised before Ohio Court of Appeals, and raised for the first time before Ohio Supreme Court, were procedurally defaulted). Because he has not attempted to demonstrate cause for the default, prejudice, or that a

miscarriage of justice will occur, the court may not excuse the default.  This court lacks jurisdiction to adjudicate Petitioner's double jeopardy claim.

Additionally, the court notes that the Sixth Circuit has rejected a claim similar to Petitioner's as not cognizable.  In *Jackson v. Smith*, 745 F.3d 206, 214-15 (6th Cir. 2014), the petitioner argued that the Ohio state court imposed greater punishment than the legislature intended, in violation of the Double Jeopardy Clause, by sentencing him for both aggravated robbery and attempted kidnapping.  The Sixth Circuit determined that that the petitioner was ineligible for habeas relief because the state court decision was not contrary to federal law, but "at worst," an incorrect application of the Ohio allied offense statute.  *Id.*  "Habeas relief . . . is not available for such alleged errors."  *Id.*

Given that this case turns on dispositive legal issues that may resolved without further factual inquiry, an evidentiary hearing is not required.  *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (evidentiary hearing not required when the state-court record precludes habeas relief); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that Jackson's petition for writ of habeas corpus (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's motion to file petition out of time (ECF No. 2) is DENIED AS MOOT.

The court declines to issue a certificate of appealability, because Petitioner has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

s/George Caram Steeh<br>United States District Judge

Dated: January 6, 2020